```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------
UNITED STATES OF AMERICA,

    -against-                    ORDER
                                 No. 18-CR-0604 (JS)
QUANDOL LEWIS,

         Defendant.

---------------------------------
```

APPEARANCES

For Defendant:      Terrence P. Buckley, Esq.
                    320 Carleton Avenue
                    Central Islip, New York  11722

For United States:  Michael R. Maffei, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, New York  11722

SEYBERT, District Judge:

Presently before the Court is the counseled letter motion of Defendant Quandol Lewis ("Defendant") seeking early termination of his five years of supervised release (hereafter, the "Motion"). (See ECF No. 143.) The Government opposes the Motion. (See Opp'n at ECF No. 144.) For the reasons stated herein, the Motion is DENIED.

## BACKGROUND

The Court presumes the reader's familiarity with the background of this case. However, for the reader's convenience, the Court provides the following summary. After the January 2018

launch of a joint investigation by the Federal Bureau of Investigation and the Suffolk County East End Drug Task Force into narcotics trafficking and gang activity on the East End of Long Island, it was revealed Defendant conspired with others to distribute crack cocaine in and around Riverhead.  (See Presentence Report ("PSR"), ECF No. 68 (sealed), ¶4.)  During law enforcement's investigation, an undercover agent purchased more than 70 grams of crack cocaine in aggregate from Defendant via five different transactions, all taking place at Defendant's residence.  (See id. at ¶¶5, 6.)  Indeed, over the duration of the conspiracy, more than 450 grams of crack cocaine was distributed to undercover agents.  (See id. at ¶6.)

On June 19, 2019 and pursuant to a Plea Agreement with the Government, Defendant pled guilty before the Magistrate Judge to the lesser-included charge of Count One of the subject Indictment, i.e., conspiring to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(B)(iii).  (See June 19, 2019 Minute Entry, ECF No. 53; PSR at ¶¶1-2.)  On July 16, 2019, this Court accepted Defendant's plea.  (See Order, ECF No. 60.)  Thereafter, on February 3, 2020, Defendant was sentenced to, inter alia, 60 months' imprisonment and five years' supervised release.  (See Judgment, ECF No. 86.)

Defendant was released from Bureau of Prisons ("BOP") custody on August 19, 2022, at which time he began his supervised

release. See Fed. Bureau of Prisons: Find an Inmate, Quandol Lewis (BOP Reg. No. 91243-053), https://www.bop.gov/inmateloc/ (last visited Oct. 20, 2025) (stating Defendant "Not in BOP Custody as of: 08/19/2022"). In seeking early termination of his supervised release, Defendant states he "has been on supervised release for over 3 years" and "has been compliant in all respects." (Motion.) Further, Defendant asserts "Probation is in agreement with this request." (Id.) He does not elaborate further. (See id.)

In opposition,[1] the Government argues "being fully compliant with conditions of suipervision [sic] does not rise to the level of 'exceptionally good behavior' and nor does it warrant early termination of [Defendant's] supervision." (Opp'n at 2.) For the reasons stated infra, the Court agrees.

## DISCUSSION

I. Applicable Law

It is well-established a court has discretion to "terminate a term of supervised release and discharge a defendant 'at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" United States v. Melvey, No. 07-CR-0055, 2018 WL 6624193, at *1

---

[1] The Court notes that, while he was given the opportunity to do so, Defendant did not file a Reply to the Government's Opposition. (Compare Sept. 26, 2025 Elec. Briefing Schedule Order, with Case Docket, in toto.)

(E.D.N.Y. Dec. 18, 2018) (quoting 18 U.S.C. § 3583(e)(1); citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)); see also United States v. McKay, 352 F. Supp.2d 359, 360-61 (E.D.N.Y. 2005); United States v. Andrew, No. 22-CR-0032, 2025 WL 1004752, at *2 (E.D.N.Y. Apr. 2, 2025).  In exercising this discretion, the court must consider Section 3553(a) Factors.  See 18 U.S.C. § 3583(e)(1); see also United States v. Scarpa, No. 18-CR-0123, 2024 WL 1886681, at *1 (E.D.N.Y. Apr. 30, 2024); Melvey, 2018 WL 6624193, at *2 ("When determining whether to grant such an application, the Court also must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6).  These factors are also weighed by the Court in determining the initial sentence." (citing § 3583(e)(1); Lussier, 104 F.3d at 36 (stating court must consider certain factors in Section 3553(a) before permitting early termination of a term of supervised release))).  "[A] statement that the district court has considered the statutory factors is sufficient." United States v. Parker, No. 21-CR-0341, 2025 WL 1635971, at *3 (E.D.N.Y. June 9, 2025) (citation modified).

"Early termination is not, however, 'warranted as a matter of course'."  United States v. Rosario, No. 17-CR-0027, 2023 WL 7305260, at *2 (S.D.N.Y. Nov. 6, 2023) (quoting United States v. Bastien, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015); further citation omitted)); Parker, 2025 WL 1635971, at *2 (same).

Rather, "'[f]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'" Bastien, 111 F. Supp. 3d at 321 (quoting United States v. Fenza, No. 03-CR-0921, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)); see also Andrew, 2025 WL 1004752, at *3 (denying early release from supervised release; while commending defendant for "complying with the conditions of his current supervision and for his overall progress since being released from custody", stating "such compliance is expected of one under supervision" (collecting cases)).  Indeed, as the Second Circuit explained in Lussier, "early termination is not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.'"  United States v. Osorio, No. 11-CR-0524, 2016 WL 4098589, at *1 E.D.N.Y. July 27, 2016); Melvey, 2018 WL 6624193, at * 2 (same); see also McKay (stating "[c]hanged circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals").  "It is [the defendant's] burden to show that such early termination is appropriate." Scarpa, 2024 WL 1886681, at *1.

II. Application

Defendant has not met his burden of showing early termination of his supervised release is warranted. His bald statement of compliance falls well short of demonstrating, e.g., exceptionally good conduct, or that granting the requested early termination would be in the interest of justice. See 18 U.S.C. § 3583(e)(1); cf. Parker, 2025 WL 1635971, at *2 (collecting cases where courts have granted motions for early termination in light of defendants' rehabilitative efforts and exceptionally good conduct), and at *4 ("Even in cases where individuals have fully complied with the terms of their supervised release, courts have found that such conduct does not amount to 'exceptionally good behavior' as to render the conditions of their supervised release 'too harsh or inappropriately tailored to . . . the general punishment goals of [S]ection 3553(a).'" (quoting Lussier, 104 F.3d at 36; collecting cases)). Yet, it is his burden to do so. See Scarpa, 2024 WL 1886681, at *1. Hence, given the inadequacies of Defendant's Motion, i.e., his failure to present facts and circumstances demonstrating "exceptionally good behavior", the Court finds consideration of the relevant Section 3553(a) Factors (see Opp'n at 2) continue to require supervised release. Simply put: Without more, post-incarceration conduct which is unblemished is an "insufficient reason to terminate . . . supervised release since, if it were, the exception would swallow

the rule." McKay, 352 F. Supp.2d at 361 (quoting United States v. Medina, 17 F. Supp.2d 245 (S.D.N.Y. 1998)); see also Melvey, 2018 WL 6624193, at *2 (same); Osorio, 2016 WL 4098589, at *2 (same).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion (ECF No. 143) is **DENIED** in its entirety without prejudice.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  October 28, 2025
        Central Islip, New York